USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-10-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
In re Merrill Lynch Auction Rate    :    09 MD 2030 (LAP)
Securities Litigation               :
------------------------------------X
This Document Relates To:           :
09 Civ. 5405 (LAP)                  :
                                    :
THE COOPERATIVE BANK AND            :            Order
BELGRADE AVENUE SECURITIES CORP.,   :
                                    :
        Plaintiffs,                 :
                                    :
          - v. -                    :
                                    :
MERRILL LYNCH, PIERCE, FENNER &     :
SMITH, INC., BNK ASSET MANAGEMENT   :
PARTNERS, INC., M.RAE RESOURCES,    :
INC., AND JOHN DOES I AND II,       :
                                    :
        Defendants.                 :
------------------------------------X

LORETTA A. PRESKA, Chief United States District Judge:

        This case is part of the Multidistrict Litigation

("MDL") known as In re Merrill Lynch Auction Rate Securities

Litigation, No. 09 MD 2030.  Before the Court are two motions

related to the underlying action in this MDL between Plaintiffs

The Cooperative Bank and Begrade Avenue Securities Corp.

("Plaintiffs") and Defendants BNK Asset Management Partners,

Inc. ("BNK") and m.rae resources, inc. ("m.rae") (collectively,

"Defendants"), No. 09 Civ. 5405.  On June 28, 2012, Plaintiffs

filed a motion for a suggestion of severance and remand of its

1

claims against Defendants [dkt. no. 56].[1] Defendants, to date, have not offered any objection to Plaintiffs' motion. Rather, on July 7, 2012, Peter J. Pizzi filed a motion to withdraw as counsel for m.rae [dkt. no. 58][2] and informed the court in his application in support of withdrawal [dkt. no. 59] that m.rae lacked sufficient resources to defend the action and had instructed him to withdraw (see [dkt. no. 59] ¶ 7). At the Court's request, counsel for Plaintiffs and Mr. Pizzi appeared for a teleconference on November 16, 2012. As discussed at the November 16, 2012, teleconference and for the reasons discussed below, Plaintiffs' motion for a suggestion of severance and remand is GRANTED, and Mr. Pizzi's motion to withdraw is DENIED without prejudice.

I.   BACKGROUND

Plaintiffs originally filed their action in the United States District Court for the District of Massachusetts, alleging claims against Merrill Lynch, Pierce, Fenner & Smith,

---

[1] Unless otherwise stated, the docket numbers refer to the docket for No. 09 Civ. 5405.

[2] The Court notes that although the docket sheet reflects Mr. Pizzi as counsel of record for both BNK and m.rae, Mr. Pizzi made clear during a teleconference on November 16, 2012, that his representation in this case always has been limited to m.rae. Aside from the Notice of Appearance entered by Mr. Pizzi on September 9, 2009 [dkt. no. 18], a review of the docket indicates that Mr. Pizzi's filings in this case have been submitted solely on behalf of m.rae.

Inc. ("Merrill Lynch"), BNK, and m.rae.  (See Memorandum in Support of Pls.' Mot. for a Suggestion of Severance and Remand of Claims to the U.S. Dist. Ct. for the Dist. Of Mass. ("Pls. Mem."), at 1.)  Because several other investors filed similar actions against Merrill Lynch, each one in a different district, Merrill Lynch sought transfer of these cases to this Court for centralized pretrial proceedings pursuant to 28 U.S.C. § 1407. On June 10, 2009, the Multidistrict Litigation Panel ("MDL Panel") granted Merrill Lynch's motion, ordering the consolidation of four cases, including Plaintiffs', in the Southern District of New York.  See In re Merrill Lynch & Co., Inc., Auction Rate Sec. (ARS) Marketing Litig., 626 F. Supp. 2d 1331 (J.P.M.L. 2009).  Since this consolidation occurred, Plaintiffs have voluntarily dismissed their claims against Merrill Lynch, leaving only their claims against Defendants. (Pls.' Mem., at 1.)  Plaintiffs are the only plaintiffs in this MDL that allege any claims against Defendants.  (Id.)

     Plaintiffs thereafter filed in this Court their motion for a suggestion of severance and remand.  Defendants have not filed any response or objections to Plaintiffs' motion and, at the instruction of m.rae, Mr. Pizzi has since sought to withdraw as counsel.

II.  DISCUSSION

    A.  <u>Plaintiffs' Motion for a Suggestion of Severance and Remand</u>

The MDL Panel "shall consider remand of each transferred action or any separable claim, cross-claim, counterclaim or third-party claim at or before the conclusion of coordinated or consolidated pretrial proceedings on . . . suggestion of the transferee district court."  Rule 7.6(c), R.P.J.P.M.L., 199 F.R.D. 425, 437 (2001).  "In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings."  <u>In re Asbestos Products Liability Litigation (No. VI)</u>, 545 F. Supp. 2d 1362, 1363 (J.P.M.L. 2008); <u>see also</u> <u>In re Heritage Bonds Litigation</u>, 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002) ("[W]henever the transferee judge deems remand of any claims or action appropriate, procedures are available whereby this may be accomplished with a minimum of delay.").

Remand should only occur upon a showing of good cause. <u>See</u> <u>In re Integrated Resources, Inc. Real Estate Ltd. Partnerships Sec. Litig.</u>, 851 F. Supp. 556, 561 (S.D.N.Y. 1994) ("The Panel has made it clear that it will 'remand an action

4

. . . prior to completed pretrial proceedings only upon a showing of good cause.'"). The Court's discretion to suggest remand "generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL." In re Bridgestone/Firestone, Inc., 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001) (citing In re Air Crash Disaster, 461 F. Supp. 671, 672-73 (J.P.M.L. 1978)). Remand should not occur when continued consolidation will "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." In re Heritage Bonds Litig., 217 F. Supp. at 1370 (citing 28 U.S.C. § 1407).

28 U.S.C. § 1407 permits centralized proceedings only if they "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." § 1407(a). At the core of this MDL is that the actions as filed shared a common issue of fact: that they all "arise from allegations that Merrill Lynch and/or its employees made misrepresentations or omissions in the context of the sale of auction rate securities (ARS) and manipulated the auctions for ARS in order to prevent auction failures." In re Merrill Lynch, 626 F. Supp. 2d at 1332. As a result of the dismissal of Plaintiffs' claims against Merrill Lynch in this underlying action, however, this common issue has been extinguished as far

as these parties are concerned.  Considering that Plaintiffs'
remaining complaints are only against Defendants, that
Plaintiffs are the only plaintiffs in the MDL alleging any
claims against Defendants, and that Plaintiffs' claims against
Defendants are factually and legally distinct from Plaintiffs'
dismissed claims against Merrill Lynch and all other claims
alleged by all plaintiffs in the other actions underlying this
MDL, a suggestion of severance and remand is warranted here.[3]
Each of these changed circumstances mitigates concerns about
duplicative discovery and potential prejudice from inconsistent
pretrial rulings.  Moreover, with these considerations in mind,
Plaintiffs' choice of forum and convenience in pursuing this
matter where they originally brought it weighs in favor of
remand.

    B.   <u>Mr. Pizzi's Motion to Withdraw as Counsel for m.rae</u>

      As discussed at the teleconference held on November
16, 2012, Mr. Pizzi's motion to withdraw as counsel for m.rae is
denied without prejudice.  Particularly in light of Defendants'
stated decision to no longer defend this action as relayed by
Mr. Pizzi, the Court is appreciative of Mr. Pizzi's
understanding that his continuation as counsel in this case will

---

[3] It also bears noting that at no point in this litigation has
either BNK or m.rae formally endorsed Merrill Lynch's request
for consolidation, nor have they opposed the instant motion by
Plaintiffs.

help facilitate orderly service of subsequent papers and

minimize any prejudice that would be experienced by Plaintiffs,

who already have been pursuing their claims for more than three

years.

III. CONCLUSION

Having taken into consideration the purposes of 28

U.S.C. § 1407 and the changed circumstances in this underlying

action of the MDL, Plaintiffs' motion for a suggestion of

severance and remand of claims [dkt. no. 56] is GRANTED.

Accordingly, the Court suggests to the MDL Panel that

Plaintiffs' claims against BNK and m.rae be severed from the MDL

and remanded to the District of Massachusetts.  Additionally,

Mr. Pizzi's motion for withdrawal as counsel for m.rae [dkt. no.

58] is DENIED.


SO ORDERED.

Dated:    January _9_, 2013
          New York, New York


_Loretta A. Preska_
LORETTA A. PRESKA
Chief United States District Judge